UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LOUIS AROCHO<br>2705 North Ave.<br>Parma, OH 44134 | CASE NO.<br><br>JUDGE |
| and | MAGISTRATE JUDGE |
| ALDURRANT ARRINGTON<br>6905 Claasen Ave.<br>Cleveland, OH 44105 | **PLAINTIFF'S COMPLAINT**<br><br>(Jury Demand Endorse Herein) |
| and | |
| STEVEN HOCHSTEDLER<br>748 High Street<br>Bedford, OH 44146 | |
| On behalf of themselves and all others similarly situated, | |
| Plaintiffs, | |
| v. | |
| CRYSTAL CLEAR BUILDING SERVICES, INC.<br>(c/o) Stephen M. Lesko<br>26118 Broadway Ave., Unit 1A<br>Oakwood Village, OH 44146 | |

and

STEPHEN M. LESKO
26118 Broadway Ave., Unit 1A
Oakwood Village, OH 44146

and

JAMES LESKO
26118 Broadway Ave., Unit 1A
Oakwood Village, OH 44146

       Defendants.

Now comes Plaintiffs Aldurrant Arrington, Luis Arocho, and Steven Hochstedler (collectively "Plaintiff"), by and through counsel, on behalf of themselves and all others similarly situated, and for their Complaint against Defendants Crystal Clear Building Services, Inc. ("Crystal Clear Building Services"), Stephen M. Lesko, and James Lesko, (collectively "Defendants"), state and allege the following:

## INTRODUCTION

1.      Plaintiffs bring this "collective action" lawsuit as a result of Defendants' violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219 and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), O.R.C. §§ 4111.01-99 by virtue of Defendants' practice, policy and procedure of failing to pay non-exempt employees overtime compensation for hours worked in excess of forty (40) per workweek and/or minimum wages.

## JURISDICATION AND VENUE

2.      This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2

3. This Court has supplemental jurisdiction over Plaintiffs' OMFWSA claims under 28 U.S.C. § 1367 because these claims are so related to the FLSA claims as to form part of the same case or controversy.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because some or all of the Defendants reside within this Court's jurisdiction, and because all, or a substantial part of, the events or omissions giving rise to Plaintiff's claims occurred within this Court's jurisdiction.

**PARTIES**

5. At all times relevant herein, Plaintiffs were citizens of the United States and residents of Cuyahoga County, Ohio.

6. At all times relevant herein, Plaintiffs and those similarly situated were, and in some cases are, employees within the meaning of 29 U.S.C. § 203(e), O.R.C. §§ 4111.01, et seq., and Art. II, Sec. 34a, Ohio Constitution.

7. At all times relevant herein, Defendant Crystal Clear Building Services maintained its principle place of business in Cuyahoga County, Ohio.

8. At all times relevant herein, Defendants were and are employers within the meaning of 29 U.S.C. § 203(d), O.R.C. §§ 4111.01, et seq., and Art. II, Sec. 34a, Ohio Constitution.

9. Upon information and belief, at all times relevant herein, Defendants Stephen M. Lesko and James Lesko were residents of Ohio.

10. At all times relevant herein, Defendants Stephen M. and James Lesko were owners and/or executives of Crystal Clear Building Services, Inc.

11. At all times relevant herein, Defendants were and are an enterprise within the meaning of 29 U.S.C. § 203(r).

12. At all times relevant herein, Defendants were and are an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

13. At all times relevant herein, Plaintiffs and those similarly situated were, and in some cases are, employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 206-207.

## FACTUAL ALLEGATIONS

14. Defendants provide nightly janitorial services, carpet cleaning, tile and hard floor maintenance, ultra sonic cleaning services, landscaping, and snowplowing services, and also distribute of paper products, maintenance supplies and equipment to clients throughout northeast Ohio.

15. Defendants also provide construction cleaning and other cleaning services to government and private entities.

16. Defendants currently employ over one hundred (100) employees in the positions of manager, project worker, and cleaner/laborer.

17. Plaintiff Arocho worked for Defendants from approximately 2004 through approximately July 2012. While Plaintiff Arocho job title was a manager, he was not paid on a salary basis throughout his employment as that term is defined in the FLSA, 29 CFR § 541.118.

18. Plaintiff Arrington worked for Defendants from approximately August 2009 through approximately February 2012 as a project worker.

19. Plaintiff Hochstedler worked for Defendants from approximately October 2009 though approximately April 2012 as a project worker.

20. Defendants failed to pay Plaintiffs and similarly-situated employees overtime pay for hours worked over forty (40) in a single workweek when they worked on separate jobs and/or jobsites, or simply refused to pay overtime, and issued employees a separate check with for "straight time" hours for all hours worked over forty (40) in a workweek, in violation of the FLSA, 29 U.S.C. §§ 203(r), 207.

21. Defendants refused to pay overtime at a rate of one and one half times the usual hourly rate for any work hours in excess of forty (40) per workweek for travel time, in violation of the FLSA, 29 U.S.C. § 207. At times, Defendants did not pay any wages spent for compensable time traveling between worksites during a workday, in violation of the FLSA, 29 U.S.C. §§ 206, 207.

22. Defendants do not pay any wages for loading and unloading cleaning supplies and transporting them between jobsites, tasks which are necessary for employees to perform their primary duties. Defendants only permit employees to "clock in" from their cell phones only once they enter into the building for work.  Since many workers received minimum wage, and workers may have to work up to twelve (12) hours to be paid for eight (8) hours worked, this practice has lead and continues to lead to repeated and extensive violations of the overtime and minimum wage provisions of the FLSA, 29 CFR § 790.6; OMFWSA, O.R.C. §§ 4111.01-4111.09; and Art. II, Sec. 34a of the Ohio Constitution.

23. Defendants do not pay for all compensable hours worked, and employees often find they are missing hours on their paychecks, resulting in loss of overtime pay and/or minimum

wages in violation of the FLSA, 29 U.S.C. §§ 206, 207; OMFWSA, O.R.C. §§ 4111.01-4111.09; and Art. II, Sec. 34a of the Ohio Constitution.

24. Defendants automatically deduct meal breaks from employees pay, whether or not they actually took a meal break, or completely relieved employees of their work responsibilities, in violation of the FLSA, 29 CFR § 785.19.

25. Defendants round down hours worked when calculating payroll, in time increments above eight (8) minutes per shift, in violation of the FLSA, 29 CFR § 785.48.

26. Defendants have employed and continue to employ employees similarly situated to the Plaintiffs over the last three (3) years.

## COLLECTIVE ACTION ALLEGATIONS

27. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

28. Plaintiffs bring Count One of this action on their own behalf and on behalf of all other persons similarly situated who have been, are being, and/or will be adversely affected by Defendants' unlawful conduct, pursuant to 29 U.S.C. § 216(b).

29. The class that Plaintiff seeks to represent, and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is himself a member, is comprised of and defined as:

> All former and current employees of Crystal Clear Building
> Systems at any time during the three years immediately preceding
> the date of this Court's issuance of Court-supervised notice.

30. Plaintiffs are unable to state at this time the exact size of the potential class but, upon information and belief, aver that it consists of at least two hundred (200) persons.

6

31. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

32. In addition to Plaintiff, numerous current and former employees are similarly situated to Plaintiff with regard to their wages and claims for unpaid wages and damages. Plaintiffs are representative of those other employees and are acting on behalf of their interests, as well as their own, in bringing this action.

33. These similarly situated employees, who are known to Defendants and are easily identifiable through Defendants' payroll records, may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

**COUNT ONE**
**(FLSA Violation)**

34. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

35. The FLSA requires that "non-exempt" employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay. 29 U.S.C. § 207(a)(1).

36. Plaintiffs and similarly situated employees should have been paid overtime wages in the amount of 150% of their normal hourly rate for all hours worked in excess of forty (40) hours per workweek.

37. Defendants have engaged in a series of unlawful acts, practices, policies, and procedures in violation of the FLSA, including refusing and/or failing to calculate and pay Plaintiffs' overtime wages as required by federal law.

38. The above-described willful and systematic violations of the FLSA complained of by Plaintiffs have similarly affected all other opt-in members of the collective action so that the claims of such members are common to and typical of each other.

39. Defendants' unlawful conduct directly and proximately caused Plaintiffs, and all others similarly situated, to suffer damages for which they are entitled to judgment.

40. Defendants' violations have been willful and/or in reckless disregard of Plaintiffs' and similarly situated employees' rights, and entitle Plaintiff and similarly situated employees to liquidated and/or punitive damages.

## COUNT TWO
### (FLSA Minimum Wage Violations)

41. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

42. The FLSA requires that "non-exempt" employees receive a minimum hourly wage for all work their employers suffer, permit or require them to perform. 29 U.S.C. § 206.

43. Based on improper deductions alleged herein, Defendants failed to comply with the requirements of 29 U.S.C. § 206, by paying employees less than the applicable minimum wage rate.

44. Defendants have engaged in a series of unlawful acts, practices, policies, and procedures in violation of the FLSA, including refusing and/or failing to calculate and pay Plaintiffs' minimum wages as required by federal law.

45. The above-described willful and systematic violations of the FLSA complained of by Plaintiffs have similarly affected all other opt-in members of the collective action so that the claims of such members are common to and typical of each other.

46. Defendants' unlawful conduct directly and proximately caused Plaintiffs, and all others similarly situated, to suffer damages for which they are entitled to judgment.

47. Defendants' violations have been willful and/or in reckless disregard of Plaintiffs', and similarly situated employees' rights, and entitle Plaintiffs and similarly situated employees to liquidated and/or punitive damages.

### COUNT THREE
### (OMFWA Overtime Violations)

48. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

49. The OMFWA requires that "non-exempt" employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay. O.R.C. §§ 4111.01-4111.99.

50. Plaintiffs and similarly situated employees should have been paid overtime wages in the amount of 150% of their normal hourly rate for all hours worked in excess of forty (40) hours per workweek.

51. Defendants have engaged in a series of unlawful acts, practices, policies, and procedures in violation of the OMFWA, including refusing and/or failing to calculate and pay Plaintiffs' overtime wages as required by Ohio law.

52. The above-described willful and systematic violation of the OMFWA complained of by Plaintiffs have similarly affected all other opt-in members of the collective action so that the claims of such members are common to and typical of each other.

53. Defendants' unlawful conduct directly and proximately caused Plaintiffs, and all others similarly situated, to suffer damages for which they are entitled to judgment.

54. Defendants' violations have been willful and/or in reckless disregard of Plaintiffs' and similarly situated employees' rights, and entitle Plaintiff and similarly situated employees to liquidated and/or punitive damages.

**COUNT FOUR**
**(OMFWA Minimum Wage Violations)**

55. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

56. The OMFWA requires that employees receive a minimum hourly wage for all work their employers suffer, permit or require them to perform.  O.R.C. chapter 4111; Art. II, Sec. 34a of the Ohio Constitution.

57. Based on improper deductions alleged herein, Defendants failed to calculate and Defendants failed to comply with the requirements of Ohio law, by paying employees less than the applicable minimum wage rate. O.R.C. Chapter 4111; Art. II, Sec. 34a, Ohio Constitution.

58. Defendants have engaged in a series of unlawful acts, practices, policies, and procedures in violation of the OMFWA, including refusing and/or failing to calculate and pay Plaintiffs' minimum wages as required by federal law.

59. The above-described willful and systematic violations of the OMFWA complained of by Plaintiffs have similarly affected all other opt-in members of the collective action so that the claims of such members are common to and typical of each other.

60. Defendants' unlawful conduct directly and proximately caused Plaintiffs, and all others similarly situated, to suffer damages for which they are entitled to judgment.

61. Defendants' violations have been willful and/or in reckless disregard of Plaintiffs' and similarly situated employees' rights, and entitle Plaintiffs and similarly situated employees to liquidated and/or punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and all those employees similarly situated collectively pray that this Honorable Court:

A. Issue an order permitting this litigation to proceed as a collective action;

B. Order prompt notice to all class members, pursuant to 29 U.S.C. § 216(b), that this litigation is pending and that they have the right to "opt in" to the litigation;

C. Award Plaintiffs and the opt-in class they represent actual damages for back overtime pay, punitive damages, liquidated damages, and compensatory damages, in an amount in excess of $25,000.00;

D. Award Plaintiffs and the opt-in class they represent pre- and post-judgment interest at the statutory rate;

E. Award Plaintiffs and the opt-in class they represent attorneys' fees, costs, and disbursements; and

F.	Award Plaintiff and the opt-in class they represent further and additional relief as this Court deems just and proper.

Respectfully submitted,

/s/ Ryan A. Winters
Ryan A. Winters (0086917)
ryan@winterslawfirm.com
WINTERS LAW FIRM, LLC
815 Superior Ave. E.
Suite 1325
Cleveland, OH 44114
Telephone:  440-498-9100
Attorney for Plaintiff(s)

/s/ Joseph F. Scott
Joseph F. Scott (0029780)
jfscld@yahoo.com
Attorney at Law
17410 Dorchester Dr.
Cleveland, OH 44119
Telephone: 216-664-3727
Attorney for Plaintiff

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

/s/ Ryan A. Winters
Ryan A. Winters (0086917)