UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LOUIS AROCHO, ET AL., | ) | CASE NO.1:12CV2186 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| CRYSTAL CLEAR BUILDING | ) | ORDER |
| SERVICES, INC., ET AL. | ) | |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Plaintiffs' Motion for Conditional Certification, Opt-in Discovery , and Court-Supervised Notice to Potential Opt-In Plaintiffs (ECF # 10). For the following reasons, the Court grants Plaintiffs' Motion.

Named Plaintiffs Steven Hochstedler, Aldurant Arrington and Louis Arocho[1] allege Defendant Crystal Clear Building Services, Inc. failed to pay them and similarly-situated employees overtime wages and/or minimum wage as required under the Fair Labor Standards Act ("FLSA") 29 U.S.C. §216 *et seq*.

---

[1] In some supporting materials the parties spell Arocho's first name "Luis".

According to the allegations in Plaintiffs' Complaint, Defendants provide residential and commercial cleaning services, construction clean up and similar work. Plaintiffs worked as Project Workers and Managers and were not paid at the statutory rate of one and one-half times their regular rate of pay for hours worked over forty hours in a week; nor were they paid the statutory minimum wage. In support of their allegations, Plaintiffs submit a document titled "Crystal Clear Timekeeping Report" which purportedly shows Arrington was denied overtime compensation for "direct/project work" and "supervision/travel time." According to Plaintiffs, the FLSA provides no exemption for denying overtime compensation under these categories. Plaintiffs further contend Arocho and Hochstedler were not paid for travel time as required by statute.

> Plaintiffs ask the Court to conditionally certify an FLSA class defined as:
>
> All former and current employees of Crystal Clear Building Systems at any time during the three years immediately preceding the date of this Court's issuance of Court-supervised notice.

Defendants argue the class is defined so broadly it would encompass all employees regardless of their job duties and would even apply to the two individually named Defendants. Defendants further contend Arrington, as a supervisor, was exempt from FLSA overtime compensation. Defendants also argue that Arocho and Hochstedler were the only two full-time project workers and had different job duties and responsibilities from the rest of the project workers. Finally, Defendants contend Plaintiffs' proposed class draws no distinction between supervisory and non-supervisory employees nor do Plaintiffs sufficiently demonstrate the proposed class is similarly situated because they do not have similar job duties.

**LAW AND ANALYSIS**

An employee may bring an action on behalf of himself and other "similarly situated" employees pursuant to 29 U.S.C. § 216(b). Unlike typical class actions, each employee wishing to join the collective action must affirmatively "opt-in" by filing written consent. 29 U.S.C. § 216(b). District courts have discretion to facilitate notice to potential plaintiffs. *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989). Before facilitating notice, courts must determine whether the potential class members are similarly situated under Section 216(b) of the FLSA.

The Sixth Circuit expressed approval for the two-phase test developed by the district courts in the Sixth Circuit. *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 547 (6th Cir. 2006). The first phase takes place at the beginning of discovery when the court has minimal evidence. *Id.* at 546. In the first phase, courts may grant conditional class certification upon a modest factual showing sufficient to demonstrate that the putative class members were the victims of a single decision, policy or plan. *Comer*, 454 F.3d at 547; *Goldman v. RadioShack Corp.*, No. 03-0032, 2003 U.S. Dist. LEXIS 7611, at *20 (E.D. Pa. Apr. 16, 2003). Plaintiffs must show that their "position is similar, not identical, to the positions held by the putative class members." *Id.* at 546-47. Plaintiffs must only establish some "factual nexus" between the Plaintiffs and the potential class members. *Harrison v. McDonald's Corp.*, 411 F. Supp. 2d 862, 868 (S.D. Ohio 2005) (citing *Jackson v. New York Tel. Co.*, 163 F.R.D. 429, 432 (S.D.N.Y. 1995)).

The second phase occurs once "all of the opt-in forms have been received and discovery has concluded." *Comer*, 454 F.3d at 546. During the second phase, courts have

discretion to make a more thorough finding regarding the "similarly situated" requirement. *Id.* at 547.  "If the claimants are similarly situated, the district court allows the representative action to proceed to trial.  If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice." *Douglas v. GE Energy Reuter Stokes*, No. 07-077, 2007 U.S. Dist. LEXIS 32449, at *14 (N.D. Ohio Apr. 30, 2007) (quoting *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001)).

   Having considered the arguments and evidence submitted by the parties, the Court finds that, at this stage of the proceedings, Plaintiffs have met their "slight" burden and are entitled to conditional certification.  Contrary to Defendants' arguments, all a plaintiff has to show at the notice stage is that Defendants subjected Plaintiffs to a single policy that violates Plaintiffs' rights under the FLSA.  See *O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567, 585 (6th Cir. 2009) ("[I]t is clear that plaintiffs are similarly situated when they suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs."  In *O'Brien,* the Sixth Circuit examined what constitutes "similarly situated" at the conditional certification stage of an FLSA collective action.  The Sixth Circuit concluded "the plaintiffs were similarly situated, because their claims were unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct." *Id.* The Sixth Circuit further determined that it did not matter at this stage of the litigation if the employees held different job titles.  "Defendants note that some of the plaintiffs were managers and therefore could not be "similarly situated."  This is not a compelling argument, because managers could also have been cheated by defendants." *Id*.  Thus, the Court, in

applying Sixth Circuit precedent, concludes that, at the opt-in stage of proceedings, the Court must consider whether Plaintiffs can demonstrate that the alleged putative collective class suffered from single FLSA violating policy.  That is all that is required at the opt-in stage.  Furthermore, under *Comer*, it only requires a "modest factual showing."

Plaintiffs have met their modest burden by their declarations, wherein they state they were not paid overtime at the statutory rate, travel time, nor paid for all hours worked.  Plaintiffs' declarations further represent they had meal break deductions regardless of whether they actually took the break or not.  Plaintiffs assert that fellow employees, personally known to them, suffered the same FLSA violations.  Plaintiffs further offer pay stubs purporting to show overtime hours worked that were not compensated at the statutory rate.  Plaintiffs also include a time report purporting to show overtime hours worked that were not compensated at the statutory overtime rate.  These supporting materials satisfy Plaintiffs' modest burden to show a factual nexus amongst Plaintiffs and the proposed class.

Defendants offer the declaration of Stephen Lesko, Vice-President of Defendant Clear Crystal Building Services, Inc.  Lesko states that Plaintiffs Arocho and Hochstedler were the only full time project workers and their job duties differed from those of other employees in that they performed specific jobs at the client's facilities.  Lesko further states that as a management employee, Arrington was exempt from overtime pay.  Finally, Lesko states employees were required to take a mandatory thirty minute meal break if they worked more than six hours.

While Defendants' opposition focuses on the different job duties and responsibilities of the potential opt-in class versus the named Plaintiffs, this inquiry is not relevant to the

notice stage analysis of similarly situated employees.  The Sixth Circuit has expressly determined that Plaintiffs need only show a common policy or conduct by Defendants that deprives Plaintiffs of rights under the FLSA.  Plaintiffs' declarations and supporting materials present sufficient evidence of such policies to support conditional certification.  Furthermore, it is inappropriate for the Court at the notice stage to resolve factual disputes or determine the merits of the claims or defenses.  "At the notice stage, district courts within the Sixth Circuit typically do not consider the merits of the plaintiff's claims, resolve factual disputes, make credibility determinations, or decide substantive issues." *Swigart v. Fifth Third Bank* 276 F.R.D. 210, 214 (S.D. Ohio, 2011).

Finally, the Court finds the three year limitation period applicable at this stage of the proceedings because the Complaint at paragraphs 38 and 45 alleges the violations were willful.  See 29 U.S.C. § 256 (A collective action is commenced on the date the complaint is filed for named plaintiffs who have filed consents or, for opt-in plaintiffs, on the subsequent date on which a written consent is filed.)

Therefore, for the foregoing reasons, the Court grants Plaintiffs' Motion for Conditional Certification.  The Court conditionally certifies the collective action class as follows:

> All former and current managers, project workers and similarly situated employees of Crystal Clear Building Systems, Inc. at any time during the applicable three year limitation period.

Having granted Plaintiffs' Motion for Conditional Certification, the Court orders the parties to proceed as follows:

Within fifteen calendar days of the date of this Order, Defendants shall fully

answer Plaintiff's Opt-In Discovery, and shall provide to Plaintiff's counsel and the Court: the name, last known home address (including zip code), and last known telephone number of all current and former employees of Defendants, any time during the three year statutory limitation period.

Within ten days of this Order, the parties shall submit to the Court proposed language for notice and consent forms to be issued by the Court, apprising potential Plaintiffs of their rights under the FLSA to opt-in as parties to this litigation. In drafting the proposed notification language, the parties should be "scrupulous to respect judicial neutrality" and "take care to avoid even the appearance of judicial endorsement of the merits of the action." *Hoffman-LaRoche Inc. v. Sperling*, 493 U.S. 165, 174 (1989).

IT IS SO ORDERED.

s/ Christopher A. Boyko<br>CHRISTOPHER A. BOYKO<br>United States District Judge

Dated: April 30, 2013