UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LOUIS AROCHO, ET AL., ) | CASE NO.1:12CV2186 |
| ) | |
| Plaintiffs, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| Vs. ) | |
| ) | |
| CRYSTAL CLEAR BUILDING ) | OPINION AND ORDER |
| SERVICES, INC., ET AL., ) | |
| ) | |
| Defendants. ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Defendants' Motion for Summary Judgment as to Named Plaintiffs Louis Arocho, Aldurant Arrington and Steven Hochstedler. (ECF # 54). For the following reasons, the Court denies Defendants' Motion.

**Procedural History**

On August 27, 2012, Named Plaintiffs Steven Hochstedler, Aldurant Arrington and Louis Arocho filed their Complaint with this Court alleging Defendant Crystal Clear Building Services, Inc. failed to pay them and similarly-situated employees overtime wages and/or minimum wage as required under the Fair Labor Standards Act ("FLSA") 29 U.S.C. §216 *et seq*. On November 16, 2012, Plaintiffs' moved to conditionally certify the action as a

collective action. On April 30, 2013, the Court granted the Motion and conditionally certified the collective action. Notice was approved and sent and 114 individuals opted-in to the collective action. On December 2, 2013, Plaintiffs' filed an Amended Complaint adding state law Breach of Contract, Unjust Enrichment and violation of Ohio's Prompt Pay Statute claims. Discovery was conducted and completed and the parties have each filed respective Motions for Summary Judgment. Defendants have also filed a Motion to Decertify the Class.

## Factual Allegations

According to the allegations in Plaintiffs' Amended Complaint, Defendants provide residential and commercial cleaning services, construction clean up, landscaping, snow plowing and deliver paper products, maintenance supplies and equipment to customers. Plaintiffs worked as Project Workers and Managers and were not paid at the statutory rate of one and one-half times their regular rate of pay for hours worked over forty hours in a week; nor were they paid the statutory minimum wage. Plaintiffs further allege that Arrington, although classified as an exempt manager, was not paid a salary but was instead paid per hours worked. Plaintiffs allege Defendants improperly "rounded down" employee hours, deducted meal breaks, failed to record all hours worked and failed to pay for travel time between job sites.

On April 30, 2013, the Court conditionally certified the collective action as follows:

> All former and current managers, project workers and similarly situated employees of Crystal Clear Building Systems, Inc. at any time during the applicable three year limitation period.

## Defendants' Motion for Summary Judgment

According to Defendants, Named Plaintiffs are subject to the same requirement as putative collective action opt-ins in that Named Plaintiffs must opt-in to the collective action via a written consent. Defendants argue Named Plaintiffs have never submitted a written consent, therefore, under 29 U.S.C. § 216(b) their claims must be dismissed.

**Plaintiffs' Objection**

Plaintiffs contend that they did, in fact, submit consents in writing to participate in the collective action. According to Plaintiffs, attached to their Motion for Conditional Certification (ECF # 10) are the Declarations of Hochstedler, Arrington and Orocho. In each of the Named Plaintiffs' Declarations it states:

> I consent to bring this action on behalf of myself and all other similarly situated employees...

Because the FLSA only requires a written consent, these Declarations satisfy Named Plaintiffs' obligations to affirmatively opt-in to the collective action under the FLSA.

**Defendants' Reply**

Defendants respond that Plaintiffs' consents were filed before the action was conditionally certified, therefore, Plaintiffs are entitled to summary judgment.

## LAW AND ANALYSIS

Having reviewed the Motion, Opposition and Reply, the Court finds Defendants are not entitled to summary judgment and the Motion is denied. Defendants are correct that Named Plaintiffs must file written consents in an FLSA collective action. The Sixth Circuit in *Frye v. Baptist Memorial Hospital, Inc.*, 495 Fed.Appx. 669, 675 (6th Cir.2012), considered the FLSA statutory language found in 29 U.S.C. § 256 wherein it states:

> [I]n the case of a collective or class action instituted under the [FLSA], it shall

>be considered to be commenced in the case of any individual claimant—
>
>(a) on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff is filed on such date in the court in which the action is brought; or
>
>(b) if such written consent was not so filed or if his name did not so appear—on the subsequent date on which such written consent is filed in the court in which the action was commenced.

29 U.S.C. § 256.

In general, under the FLSA, a plaintiff has two years to commence a suit unless Defendants' conduct is a "willful violation." If so, then a three year limitation period is triggered. 29 U.S.C. § 255(a); See *Frye*, 495 Fed.Appx. at 675. The Sixth Circuit in *Frye*, considered the above statutory language and determined that the it "require[s] a named plaintiff in a collective action to file a written consent to join the collective action." *Id.* Plaintiffs' have produced unrefuted evidence that they consented in writing to the collective action. Therefore, Defendants contention that no written consent was filed is unsupported by the evidence. Defendants also fail to provide any authority holding that such a written consent as provided by Plaintiffs fails to satisfy § 256's written consent requirement. Because § 256 only requires a written consent, the Court finds Plaintiffs' consents in their declarations satisfy the FLSA's written consent requirement.

The Court further finds Defendants' argument on the timing of the consents is unavailing. Nothing in the statute requires a Named Plaintiff to file a written consent after conditional certification. In fact, the statutory language clearly indicates the written consent may be filed with the Complaint.

Finally, Defendants raise an argument concerning whether the two year or three year

limitation period applies. The Court will address this argument in a subsequent opinion on Plaintiffs' Motion for Partial Summary Judgment since the parties develop the arguments more fully therein.

Therefore, for the foregoing reasons, the Court denies Defendants' Motion for Summary Judgment.

IT IS SO ORDERED.

s/ Christopher A. Boyko<br>
CHRISTOPHER A. BOYKO<br>
United States District Judge

Dated: March 26, 2015