UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LOUIS AROCHO, ET AL., | ) | CASE NO.1:12CV2186 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| CRYSTAL CLEAR BUILDING SERVICES, INC., ET AL., | ) | OPINION AND ORDER |
| | ) | |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Plaintiffs' Motion for Partial Summary Judgment on Liability Issues (ECF # 56).  For the following reasons, the Court denies Plaintiffs' Motion.

**Procedural History**

On August 27, 2012, named Plaintiffs Steven Hochstedler, Aldurant Arrington and Louis Arocho filed their Complaint with this Court, alleging Defendant Crystal Clear Building Services, Inc., Stephen Lesko and James Lesko failed to pay them and similarly-situated employees overtime wages and/or minimum wage as required under the Fair Labor Standards Act ("FLSA") 29 U.S.C. §216 *et seq*.  On November 16, 2012, Plaintiffs' moved to

conditionally certify the action as a collective action. On April 30, 2013, the Court granted the Motion and conditionally certified the collective action. Notice was approved and sent and 114 individuals opted-in to the collective action. On December 2, 2013, Plaintiffs filed an Amended Complaint, adding state law Breach of Contract, Unjust Enrichment and Violation of Ohio's Prompt Pay Statute claims. Discovery was conducted and completed and the parties have each filed respective Motions for Summary Judgment. Defendants have also filed a Motion to Decertify the Class.

## Factual Allegations

According to the allegations in Plaintiffs' Amended Complaint, Defendants provide residential and commercial cleaning services, construction clean up, landscaping and snowplowing services. Plaintiffs also deliver paper products, maintenance supplies and equipment to customers. Plaintiffs worked as Project Workers and Managers and were not paid at the statutory rate of one and one-half times their regular rate of pay for hours worked over forty hours in a week; nor were they paid the statutory minimum wage. Plaintiffs further allege that Arrington, although classified as an exempt manager was not paid a salary but was instead paid per hours worked. Plaintiffs allege Defendants improperly "rounded down" employee hours, failed to pay Plaintiffs for actual hours worked and failed to pay for travel time between job sites.

On April 30, 2013, the Court conditionally certified the collective action as follows:

All former and current managers, project workers and similarly situated employees of Crystal Clear Building Systems, Inc. at any time during the applicable three year limitation period.

**Plaintiffs' Motion for Partial Summary Judgment**

Plaintiffs move for summary judgment on a number of allegedly improper payment policies or practices of Defendants.  According to Plaintiffs, Defendants "round down" employee hours, effectively depriving workers of pay for actual hours worked.  Under Defendants' timekeeping system, "TeleTeam," employees were required to clock in and clock out by calling from the job site to the TeleTeam timekeeping recording system.  Supervisors also set an hourly budget for each job.  If the clocked in time exceeded the budgeted time set for the job, Defendants reduced the actual time a Plaintiff worked to the budgeted time.  Plaintiffs were also not paid for travel from one job site to another, were required to carry company cell phones and answer customer calls or emails, regardless of the time, yet they were not paid for such work.  Plaintiffs had employment contracts with Defendants that contained specific pay rates.  The improper rounding and budget time adjustments violated these contracts.  Plaintiffs further allege exempt salaried managers are improperly classified as exempt because they were paid according to hours worked and not per a set salary.  Furthermore, employees were not paid overtime at one and one-half times the regular hourly rate but were instead paid straight time for overtime hours worked.  Lastly, Plaintiffs contend these actions represent willful conduct by Defendants, entitling Plaintiffs to liquidated damages per statute.

**Defendants Opposition**

According to Defendants, Plaintiffs misconstrue, omit or recast the evidence in the case.  Defendants contend the actual evidence in the case demonstrates Defendants did not improperly round down employee hours but rounded up or down depending on the individual

facts.  Furthermore, the FLSA permits employers to exclude clocked in and out time so long as the employee was compensated for all actual hours worked.  Defendants further argue that Plaintiffs have presented no evidence that intraday travel and cell phone work went uncompensated.  Lastly, Plaintiffs have failed to satisfy their burden to show willfulness on the part of Defendants.

## LAW AND ANALYSIS

A summary judgment shall be granted only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).  The burden is on the moving party to conclusively show no genuine issue of material fact exists, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lansing Dairy. Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir.1994).  The moving party must do so by either pointing to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials" or by "showing that the materials cited (by the adverse party) do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed.R.Civ.P. 56(c)(1)(A), (B).  A court considering a motion for summary judgment must view the facts and all inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986).  Once the movant presents evidence to meet its burden, the nonmoving party may not rest on its pleadings, but must come forward with some significant probative evidence to support its claim. *Celotex*, 477 U.S. at 324; *Lansing Dairy*, 39 F.3d at 1347.

This Court does not have the responsibility to search the record *sua sponte* for genuine issues of material fact.  *Betkerur v. Aultman Hospital Ass 'n.*, 78 F.3d 1079, 1087 (6th Cir. 1996); *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 404-06 (6th Cir.1992).  The burden falls upon the nonmoving party to "designate specific facts or evidence in dispute," *Bias v. Advantage*, 905 F.2d 1558, 1563 (D.C. Cir.1990); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); and if the nonmoving party fails to make the necessary showing on an element upon which it has the burden of proof, the moving party is entitled to summary judgment.  *Celotex*, 477 U.S. at 323.  Whether summary judgment is appropriate depends upon "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Amway Distributors Benefits Ass 'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir.2003)(quoting *Anderson*, 477 U.S. at 251-52).

**Reductions based on actual hours worked vs. budgeted hours worked and "rounding"**

According to Plaintiffs, Defendants use a clock in and clock out call in system called "TeleTeam."  When an employee arrives at a job site they must call in at the job site to the TeleTeam system.  Once they have completed their work for the day they again call in to the TeleTeam system to clock out.  Teleteam then compiles the employees hours for the day in a report.  At the end of each pay period, the reports are sent to the site manager or area manager and director of operations.  The managers compare the TeleTeam reports with the hours Defendants have budgeted for the job.  According to Crystal Clear's Director of Administrative Services, Stephanie Hoffman, these budget hours are a tool to manage expense versus income. (Hoffman depo. pg. 27, 37).

Plaintiffs contend Defendants use the budgeted hours for payroll purposes as opposed to the actual hours worked. Managers can approve an employee going over budget to perform a job, but if they did not approve, the budgeted hours would be applied for purposes of calculating the employee's pay. However, if an employee's actual hours fell below the budgeted hours then Defendants applied the employee's actual hours. According to Plaintiffs, Hoffman testified these reductions were applied across the board.

Plaintiffs further contend that Defendants always round down on an employee's time sheet to the detriment of the employee. For example, an employee who worked til 5:03 pm. would only be credited with working til 5:00 pm. Likewise, an employee who worked til 5:14 pm. would also only be credited with working until 5:00 pm.

Defendants argue that Hoffman testified that adjustments were made up and down and not solely against Plaintiffs. At page 89 of her deposition it reads:

Q: And the handwritten adjustments, assuming they're not identical to the printed daily hours, they adjust the time either upwards or downwards?

A. Correct.

Q. And we could tell then from these backup sheets for every employee and every day in question, first of all, what their printed time was, their printed daily totals as generated by the TeleTeam computer, right?

A. Correct.

Q. And the adjustments of those hours in handwriting either upward or downward, correct?

A. On this person, yes. Some of them might not have anything on it.

Therefore, contrary to Plaintiffs' arguments, Defendants argue that the evidence as presented by Hoffman, demonstrates that employee hours were adjusted up or down.

Having reviewed the arguments and evidence, the Court finds genuine issues of fact concerning whether employee's hours were only adjusted adversely. A cursory review of the time records, containing handwritten notes purportedly made by managers, shows adjustments both downward and upward from the budgeted hours.[1] This is supported by the testimony of Hoffman as cited above. Furthermore, as Defendants point out, the FLSA allows for rounding up to the nearest quarter hour and permits an employer to disregard clocked time wherein an employee is not engaged in work but clocks in early or clocks out late. 29 C.F.R. §785.48 reads:

> (a) **Differences between clock records and actual hours worked.** Time clocks are not required. In those cases where time clocks are used, employees who voluntarily come in before their regular starting time or remain after their closing time, do not have to be paid for such periods provided, of course, that they do not engage in any work. Their early or late clock punching may be disregarded. Minor differences between the clock records and actual hours worked cannot ordinarily be avoided, but major discrepancies should be discouraged since they raise a doubt as to the accuracy of the records of the hours actually worked.
>
> (b) "**Rounding**" **practices**. It has been found that in some industries, particularly where time clocks are used, there has been the practice for many years of recording the employees' starting time and stopping time to the nearest 5 minutes, or to the nearest one-tenth or quarter of an hour. Presumably, this arrangement averages out so that the employees are fully compensated for all the time they actually work. For enforcement purposes this practice of computing working time will be accepted, provided that it is used in such a manner that it will not result, over a period of time, in failure to compensate

---

[1] Plaintiffs have attached numerous exhibits of payroll records and in their Motion cite the Court to all the exhibits in general as support for their conclusions. This fails to meet Plaintiffs' burden to point to specific facts in the record to support their motion.

the employees properly for all the time they have actually worked.

Because the FLSA permits rounding and excluding certain clocked in time, the Court cannot determine based on the evidence that the adjustments made to the employee time sheets were improper and warrant summary judgment. These present factual issues to be determined by the trier of fact.

**Unlawful Exclusion of Intraday Travel**

29 C.F.R. § 785.38 requires employers compensate employees for time spent traveling from one job site to another. ( "Time spent by an employee in travel as part of his principal activity, such as travel from job site to job site during the workday, must be counted as hours worked."). Relying on the testimony of Hoffman, Plaintiffs argue no such payments are made. At page 107 of Hoffman's deposition it reads:

> Q. Okay. But for all of the non-managers the TeleTeam doesn't pick up the time between one clock out and the next clock in in the same day?
>
> A. Correct.
>
> Q. So the travel time, if you will, for the hourly employees, the non-manager employees is not picked up by TeleTeam?
>
> A. Correct.
>
> Q. And therefore is not paid time, right?
>
> A. Correct.

Defendants argue Plaintiffs fail to point to any evidence that a particular Plaintiff was denied travel payment. Furthermore, Defendants allege, without evidentiary support, that employees are permitted to conduct personal business during travel time.

There are a number of issues with Plaintiffs' argument. First, Plaintiffs' rely on a non-existent CFR. 29 CFR § 551.422(a)(1) does not exist. Furthermore, Plaintiffs state "there are countless of employees (sic) who had to clock out before traveling to another job site, and then clock in the new site," (Plaintiffs' Motion for Partial Summary Judgment pg. 8), only to cite to timesheets in general. Plaintiffs leave it to the Court to read through the hundreds of pages of timesheet records containing daily records of dozens of employees, to determine the who, what and where concerning the intraday travel violations. This is the Plaintiffs' job, not the Court's and therefore, is insufficient to warrant summary judgment.

Plaintiffs have pointed the Court to the uncontested testimony of Hoffman that Defendants, as a matter of practice, failed to pay non-managers time spent on intraday travel per 29 CFR § 785.38. However, even if the Court finds that Defendants violated the CFR, the Court denies summary judgment for Plaintiffs' because Plaintiffs have failed to point the Court to specific instances where the Named or Opt-In Plaintiffs' incurred intraday travel time that went unpaid. Instead, Plaintiffs cite the Court to the timesheets in general, which, as stated above is insufficient support for Plaintiffs' claims.

**Breach of Contracts**

Plaintiffs contend that all hourly employees had written contracts containing expressly agreed upon hourly rates of pay. Because the agreements do not contain any provision allowing for reduction of the stated pay rate to budgeted rates, Plaintiffs allege Defendants breached their employment contracts.

Defendants contend Plaintiffs fail to point to any evidence that improper reductions occurred. As this Court has already determined the question of improper reductions is a

materially disputed fact, the Court denies Plaintiffs' Motion on the Breach of Contract claim.

**Supervisors were paid on an hourly basis**

Under the FLSA, employers must compensate non-exempt hourly workers for time worked over forty hours in a given week at no less than one and one-half times the employee's regular hourly rate. 29 U.S.C. § 207(a)(1). There are a number of exemptions under the FLSA as found in 29 U.S.C. § 213; however, "[e]xemptions under the FLSA are narrowly construed against the employer." *Takacs v. Hahn Auto. Corp.,* 246 F.3d 776, 779 (6th Cir.2001). FLSA exemptions are affirmative defenses that an employer must establish by a preponderance of the evidence. *Renfro v. Indiana Michigan Power Co.,* 497 F.3d 573, 576 (6th Cir.2007) (citing *Walling v. Gen. Indus. Co.,* 330 U.S. 545, 547-48, (1947)).

Pursuant to 29 U.S.C. § 213(a)(1) and 29 CFR § 541.100(a)(1), supervisors are exempt from FLSA minimum wage and maximum hour requirements so long as those employees defined as supervisors satisfy the following conditions:

> (1) Compensated on a salary basis at a rate of not less than $455 per week (or $380 per week, if employed in American Samoa by employers other than the Federal Government), exclusive of board, lodging or other facilities;
>
> (2) Whose primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof;
>
> (3) Who customarily and regularly directs the work of two or more other employees; and
>
> (4) Who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight.

Plaintiffs contend Defendants improperly classified supervisors as exempt employees.

According to Plaintiffs, Defendants made improper reductions to supervisor pay, reducing them to less than forty hours a week in a bi-weekly pay period and made bonus payments of straight time as overtime payments instead of the statutory one and one-half times the regular rate of pay for overtime work.

Defendants argue that Plaintiffs merely cite to payroll records without any specificity, requiring the Court and Defendants to sort out who was paid what and when. Furthermore, Plaintiffs rely on payroll records of employees that Plaintiffs do not even assert are supervisors and, in fact, several are not.

The Court finds Plaintiffs are not entitled to summary judgment because they do not cite to specific examples in the time records supporting their claim. Furthermore, they rely, in part, on their allegation that these records reflect a bi-weekly pay period, whereas Defendants' contend employees were paid on a bi-monthly basis, presenting an issue of fact. Because Plaintiffs rely, at least in part, on the records of employees that are not even alleged to be supervisors and because Plaintiffs fail to point the Court to evidence with sufficient specificity, the Court denies Plaintiffs' Motion on this claim.

**Failure to pay overtime at the statutory rate**

Plaintiffs next move the Court to find Defendants failed to pay employees overtime at the statutory rate. Plaintiffs point the Court to payroll records for Elaine Wayne, Malcolm Eppinger and Glenn Murton allegedly found at Exhibit 38. However, none of these employee records are found in Exhibit 38. In fact, Exhibit 38 does not go beyond 26 pages, yet Plaintiffs cite to records from pages 56-70. Therefore, the Court cannot say there is a company wide policy as evidenced by Exhibit 38 because Exhibit 38 does not support such a

claim.  Therefore, Plaintiffs' Motion for Summary Judgment on a company wide policy of denying overtime is denied.

**Unpaid Work**

Plaintiffs ask the Court to find Defendants required employees to answer cell phone calls and emails after they clocked out of work based on deposition testimony of Jack Guido, Director of Operations and Hoffman.   Plaintiffs do not cite the Court to any example of a Named or Opt-in Plaintiff having been assigned a cell phone, nor do they cite the Court to any statute prohibiting such a practice for managers or supervisors.  Lastly, they do not cite to any evidence or testimony that any Named or Opt-in Plaintiff, in fact, spent time outside work answering phone calls.  Therefore, the Court denies Plaintiffs' Motion.

**Willful Violations**

Plaintiffs motion the Court for a finding that Defendants willfully violated the FLSA.  According to the United States Supreme Court, an employer's FLSA violations are deemed willful if "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 133 (1988); see also *Elwell v. University Hospitals Home Care Services,* 276 F.3d 832, 842 (6th Cir. 2002).

"An employer who violates the FLSA must pay the affected employee 'the amount of their unpaid minimum wages, or their unpaid overtime compensation ... and [ ] an additional equal amount as liquidated damages.'"  *Boaz v. FedEx Customer Information Services, Inc.*, 725 F.3d 603, 605 (6th Cir.,2013) citing 29 U.S.C. § 216(b).  "The statute of limitations for the FLSA is two years for non-wilful violations and three years for wilful ones." 29 U.S.C. §

255(a).  "The Plaintiff bears the burden of proving that the Defendant's FLSA violation was "willful." *Schneider v. City of Springfield*, 102 F.Supp.2d 827, 835 (S.D.Ohio,1999) citing *McLaughlin,* 486 U.S. at 135.

Plaintiffs rely solely on their argument that because Defendants' violated the FLSA their conduct was willful.  Here, conclusory statements alone are insufficient to meet Plaintiffs' burden demonstrating willfulness.  The law requires Plaintiffs' must prove "more than a showing of negligence on the employer's part.  Even if an employer acts unreasonably, but not recklessly, in determining its legal obligation under the FLSA, its conduct does not satisfy the "willfulness" standard." *Schneider*,102 F.Supp.2d at 836.  Plaintiffs' provide no such evidence, therefore, they are not entitled to summary judgment on this issue.

Therefore, for the foregoing reasons, the Court denies Plaintiffs' Motion for Partial Summary Judgment.

IT IS SO ORDERED.

s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge

Dated:  March 31, 2015