UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LOUIS AROCHO, ET AL., | ) | CASE NO.1:12CV2186 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| CRYSTAL CLEAR BUILDING | ) | OPINION AND ORDER |
| SERVICES, INC., ET AL., | ) | |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Defendants' Motion for Decertification of Collective Action (ECF # 55). For the following reasons, the Court denies, at this time, Defendants' Motion.

**Procedural History**

On August 27, 2012, named Plaintiffs Steven Hochstedler, Aldurant Arrington and Louis Arocho filed their Complaint with this Court, alleging Defendant Crystal Clear Building Services, Inc., Stephen Lesko and James Lesko failed to pay them and similarly-situated employees overtime wages and/or minimum wage as required under the Fair Labor Standards Act ("FLSA") 29 U.S.C. §216 *et seq*. On November 16, 2012, Plaintiffs' moved to

conditionally certify the action as a collective action. On April 30, 2013, the Court granted the Motion and conditionally certified the collective action. Notice was approved and sent and 114 individuals opted-in to the collective action. On December 2, 2013, Plaintiffs filed an Amended Complaint, adding state law Breach of Contract, Unjust Enrichment and Violation of Ohio's Prompt Pay Statute claims. Discovery was conducted and completed and Defendants have filed this Motion to Decertify the Class.

## Factual Allegations

According to the allegations in Plaintiffs' Amended Complaint, Defendants provide residential and commercial cleaning services, construction clean up, landscaping and snowplowing services. Plaintiffs also deliver paper products, maintenance supplies and equipment to customers. Plaintiffs worked as Project Workers and Managers and were not paid at the statutory rate of one and one-half times their regular rate of pay for hours worked over forty hours in a week; nor were they paid the statutory minimum wage. Plaintiffs further allege that Arrington, although classified as an exempt manager, was not paid a salary but was instead paid per hours worked. Plaintiffs allege Defendants improperly "rounded down" employee hours, failed to pay Plaintiffs for actual hours worked and failed to pay for travel time between job sites.

On April 30, 2013, the Court conditionally certified the collective action as follows:

> All former and current managers, project workers and similarly situated employees of Crystal Clear Building Systems, Inc. at any time during the applicable three year limitation period.

## Defendants' Motion to Decertify

Defendants move to decertify the conditionally certified collective action because Plaintiffs cannot show they are similarly situated.  According to Defendants, Plaintiffs Amended Complaint alleges several categories of FLSA violations, including:  denial of overtime pay at one and one-half times the regular hourly rate;  failure to pay travel time;  failure to pay for loading and unloading;  failure to pay for actual hours worked;  improperly deducting for meal breaks; and improper rounding of hours.  Defendants argue the vast majority of Plaintiffs do not fall within any of these categories, have significantly different job duties and any trial would require highly individualized inquiry.

There are 114 Opt-in Plaintiffs and three Named Plaintiffs.  These Plaintiffs engage in a wide variety of jobs, and have different job titles.  For instance, named Plaintiffs Arocho and Hochstedler are "Project Workers."  At the time they were so employed they were the only full-time project workers employed by Crystal Clear and had vastly different work schedules and duties compared to other Crystal Clear employees.  According to Defendants, Project Workers are unlike any other employees at Crystal Clear.  They are assigned to various projects at a client's facility.  These projects vary from week to week and month to month.  These jobs are not recurring but differ daily.  As such, Arocho and Hochstedler were not required to report to Crytal Clear's office at the beginning of each day.

Arrington began his employment with Crystal Clear as a cleaner in 2004 and became a project team member in 2005.  He was promoted to Area Supervisor to oversee a number of employees at various job locations.  He was demoted to Site Supervisor due to an unapproved extended absence.  He was paid a salary of $30,000 per year as a manager but was switched to an hourly employee making $13/hr.  Defendants contend Arrington was still an exempt

3

employee when he was switched to an hourly pay rate. In February 2012, Arrington was returned to his position as Area Supervisor.

Defendants contend that among the opt-in Plaintiffs there are numerous job titles rendering this action unsuitable for a collective action given the disparate job duties, schedules, work locations and hours worked. According to Defendants, there are non-union cleaners, laborers, union members, floaters, project crew members and supervisors. Concerning Defendants' employees, 75% never work more than six hours in a day therefore, they are not entitled to lunch breaks; 65% never work more that thirty hours in a week; approximately 10% work between thirty and thirty-seven point five hours per week and only eight employees were regularly scheduled to work forty hours per week.

According to Defendants, Plaintiffs cannot show they were all subject to a common policy or practice. Relying on the Declaration of Defendant Stephen Lesko, Defendants contend the above widely varied description of the different job titles, duties and hours worked of the opt-in Plaintiffs demonstrates this action cannot be maintained collectively.

First, Defendants contend, meal breaks may be excluded per 29 C.F.R. § 785.19, which allows 30 minutes to be deducted for bona fide meal breaks. As such, it cannot serve as a basis for a collective action. The vast majority of employees are not entitled to meal breaks because they do not work full time. Second, the vast majority of employees do not travel between job sites. Also, Defendants are not liable for any unpaid hours that employees did not report. In fact, there is no evidence that employees reported not being paid wages or overtime to which they were entitled.

Defendants further contend that Plaintiffs cannot satisfy the three factor test applied

by courts in the Sixth Circuit to determine whether an employee is similarly situated. First, a court must consider the disparate factual and employment settings of the individual employees; Second, the Court must consider the individual defenses available for Defendants as applied to each individual plaintiff; and third, the fairness and procedural considerations of certification. *Frye v. Baptist Memorial Hosp.*, 495 Fed. Appx 669, 672 (6th Cir. 2012).

Under the first factor, Defendants argue the Plaintiffs perform widely varied job functions, at vastly different work sites and have different job duties and responsibilities.

Under the second factor, Defendants argue Plaintiffs fail to demonstrate a common unifying policy of improper payments in violation of the FLSA. Citing *Frye,* Defendants argue generalized allegations of a uniform policy or practice are insufficient to support a collective action. "To avoid decertification, the named plaintiffs must introduce "substantial evidence" that the opt-in plaintiffs are similarly situated." *Id.* See also *Price v. Acosta,* No. 03-2686, (W.D. Tenn. Feb. 19, 2008).

Third, Defendants contend Plaintiffs are subject to unique defenses to each individual.

Finally, Defendants argue the statutory limitation period involves individual inquiry, rendering certification inappropriate because Plaintiffs must demonstrate willfulness to take advantage of the three year period.

Also, there are highly individualized evidentiary issues such as the number of hours worked, pay rates, number of shifts worked and meal breaks worked. Given the size of the collective action this would result in over a hundred mini-trials, making the case unmanageable.

### Plaintiffs' Opposition

According to Plaintiffs, Defendants misconstrue Sixth Circuit precedent, which only requires a common policy or practice even if the proofs are individualized.

Plaintiffs have shown, via time sheets and depositions of Defendants' Director of Administrative Services, Stephanie Hoffman, that every employee had their time sheets edited so as to eliminate actual hours worked.  Employees are paid for the budgeted time allotted, not actual hours.  Employee hours were also systematically rounded down for the benefit of Defendants.

Plaintiffs argue that representative time sheets demonstrate that employees suffered from common FLSA violations.  Differing job titles do not defeat certification because the Sixth Circuit has held that managers may be cheated by common FLSA-violating practices the same as other employees.  Furthermore, Plaintiffs argue Defendants assert no individualized defense concerning the exempt status of an employee.  Lastly, Plaintiffs' contend Congressional policy favors collective action.

### LAW AND ANALYSIS

An employee may bring an action on behalf of himself and other "similarly situated" employees pursuant to 29 U.S.C. § 216(b).  Unlike typical class actions, each employee wishing to join the collective action must affirmatively "opt-in" by filing written consent.  29 U.S.C. § 216(b).

The Sixth Circuit expressed approval for the two-phase test developed by the district courts in the Sixth Circuit.  *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 547 (6th Cir. 2006).  The first phase takes place at the beginning of discovery when the court has minimal

evidence. *Id.* at 546. In the first phase, courts may grant conditional class certification upon a modest factual showing sufficient to demonstrate that the putative class members were the victims of a single decision, policy or plan. *Comer*, 454 F.3d at 547; *Goldman v. RadioShack Corp.*, No. 03-0032, 2003 U.S. Dist. LEXIS 7611, at *20 (E.D. Pa. Apr. 16, 2003). Plaintiffs must show that their "position is similar, not identical, to the positions held by the putative class members." *Id.* at 546-47. Plaintiffs must only establish some "factual nexus" between the Plaintiffs and the potential class members. *Harrison v. McDonald's Corp.*, 411 F. Supp. 2d 862, 868 (S.D. Ohio 2005) (citing *Jackson v. New York Tel. Co.*, 163 F.R.D. 429, 432 (S.D.N.Y. 1995)).

The second phase occurs once "all of the opt-in forms have been received and discovery has concluded." *Comer*, 454 F.3d at 546. During the second phase, courts have discretion to make a more thorough finding regarding the "similarly situated" requirement. *Id.* at 547. "If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice." *Douglas v. GE Energy Reuter Stokes*, No. 07-077, 2007 U.S. Dist. LEXIS 32449, at *14 (N.D. Ohio Apr. 30, 2007) (quoting *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001)).

In the leading case out of the Sixth Circuit, *O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567, 585 (6th Cir. 2009), the Court held a plaintiff may show that the collective action plaintiffs are similarly situated if they are subject to a common policy. "[I]t is clear that plaintiffs are similarly situated when they suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation

7

as to all the plaintiffs." In *O'Brien,* the Sixth Circuit examined what constitutes "similarly situated" at the conditional certification stage of an FLSA collective action. The Sixth Circuit concluded "the plaintiffs were similarly situated, because their claims were unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct." *Id.* The Sixth Circuit further determined that it did not matter at this stage of the litigation if the employees held different job titles. "Defendants note that some of the plaintiffs were managers and therefore could not be "similarly situated." This is not a compelling argument, because managers could also have been cheated by defendants." *Id*.

Once past the conditional certification stage, Plaintiffs' burden becomes more significant. "We recognize that the second stage warrants a stricter standard than the conditional certification stage because it occurs near the end of discovery." *Frye*, 495 Fed. Appx. at 671. Plaintiffs must produce more than just allegations and affidavits demonstrating similarity in order to achieve final certification." *Id.* The Sixth Circuit held that the lead plaintiffs bear the burden of showing that the opt-in plaintiffs are similarly situated to the lead plaintiffs." *Id* at 672. This standard is less stringent than the predominance standard found in Fed. R. Civ. 23(b). Similarly situated may be demonstrated by showing a common theory of FLSA violation. *Id*. Courts may also consider the employment setting, individual defenses and the fairness and procedural impact of certification when determining whether opt-in plaintiffs are similarly situated to named plaintiffs. *Id.* However, just because individualized proofs may be required does not mean the employees are not similarly situated. So long as the plaintiffs suffered from a common FLSA-violating policy and the proofs of the policy or

of conduct conforming to the policy proves a violation as to all the plaintiffs, plaintiffs burden is met. *O'Brien*, 575 F.3d at 585. Proof by a representative subset of employees may suffice as proof. *Id.*

Having considered the Motion, Opposition, Reply and supporting materials, the Court denies Defendants' Motion at this time subject to reconsideration after additional briefing. This denial has more to do with what the Court cannot determine than what it can determine. This action presents an issue on its face that the parties have failed to address in depth. Plaintiffs assert five causes of action, all brought as collective actions. These include Count I FLSA overtime violations; Count II FLSA Minimum Wage Violations; Count III OMFWSA Overtime Violations; Count IV OMFWSA Minimum Wage Violations; Ohio Breach of Contract: Ohio Unjust Enrichment; and Ohio Prompt Pay Act Violations. While the FLSA permits filing a collective action for violations of the FLSA, the parties have not apprised the Court how Plaintiffs may bring a collective action for violations of state law. The parties have cited no caselaw to support such a procedural device. This is especially important as relates to Plaintiffs' collective action claims because Plaintiffs' Exhibit 4 to ECF # 60 provides a spread sheet containing the respective claims of 81 Plaintiffs. Of those, only 24 allege FLSA violations, the rest asserting only Ohio Breach of Contract claims. Absent authority to assert Breach of Contract claims as a collective action under the FLSA as the mechanism, these Plaintiffs' claims cannot be considered for purposes of final certification of an FLSA collective action.

There are also a number of problems with the evidence for and against decertification that must be addressed before the Court may intelligently determine if decertification is

warranted.  Plaintiffs offer a number of timesheet records listing dozen of employees without distinguishing whether they are supervisors or part-time or full time employees.  The timesheets reflect travel time for some employees but the Court is left to speculate whether they are supervisors or not.  There is no evidence that the alleged rounding of hours worked favored Defendants other than the raw data found on the timesheets.  Plaintiffs leave it to the Court to perform the calculations over the entire relevant time period to determine if the rounding favors Defendants.   This is Plaintiffs' job, not the Court's.  The timesheets demonstrate changes made to the actual hours worked but the Court is left to speculate on the rationale behind it.  Defendants argue generally that under the law they are entitled to reduce pay to reflect actual hours worked so long as an employee was not actually working during the clock in and out time.  The Court cannot ascertan such information from the timesheets.

Furthermore, Defendants rely solely on the Declaration of Stephen Lesko wherein he recites a number of statistics on the job duties, hours worked and percentage of employees who do not engage in intraday travel, but there is no underlying basis for these statistics other than Lesko's bald assertion.

Therefore, before the Court may ultimately determine whether decertification is merited, it must determine whether state law claims may be brought collectively pursuant to the FLSA.  The Court will also require more specificity on the supporting evidence presented by Plaintiffs and Defendants as described above.

The parties are ordered to submit cross briefs no later than April 21, 2015 concerning: 1) whether Plaintiffs may maintain collective actions for purely state law claims; 2) specifically pointing to whether the time sheets demonstrate that rounding used by

Defendants favored Defendants, Plaintiffs or neither; 3) distinguishing who among the named Plaintiffs and opt-ins are supervisors and who are hourly employees; and 4) distinguishing part-time employees from full-time. Upon receipt of the additional briefs, the Court may determine a hearing is necessary to address these issues.

Therefore, for the foregoing reasons, the Court denies Defendants' Motion at this time subject to reconsideration after the filing of the additional briefs.

IT IS SO ORDERED.

s/ Christopher A. Boyko<br>CHRISTOPHER A. BOYKO<br>United States District Judge

Dated: March 31, 2015